# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HEALTHSOUTH CORPORATION,
for itself and its wholly-owned
subsidiary, Horizon/CMS Healthcare
Corporation,

          Plaintiff,

v.                                                            No. CIV 98-800 BB/DJS

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, and ST.
PAUL MERCURY INSURANCE
COMPANY,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court on the motion of Defendants St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company ("St. Paul"), and the Court having considered all the briefs and supplemental briefs of the parties, FINDS the motion is not well taken and must be DENIED.

Discussion

I. Facts

Numerous legal claims seeking both actual and punitive damages have been filed against Horizon Healthcare, a New Mexico corporation, in several jurisdictions, including New Mexico. One such action resulted in a Texas state court verdict against Horizon including a substantial punitive damage award.[1]

St. Paul sold Horizon liability coverage from 1992 to 1996. When sued, therefore, Horizon notified St. Paul. St. Paul defended against the claims and either paid, or agreed to pay, compensatory damages awarded against Horizon. However, St. Paul notified Horizon that the policies at issue do not cover any exemplary or punitive damages that may be awarded against Horizon.

On June 3, 1998, HealthSouth, for itself and Horizon, which it represented as its wholly owned subsidiary,[2] filed a complaint in New Mexico state court seeking a declaratory judgment as to the insurance coverage under the Horizon liability insurance policies for exemplary and punitive damages. HealthSouth also seeks damages under

---

[1] It is uncontroverted that a Texas state court entered a modified judgment against Horizon for $1,541,203.13 actual, and $9,483,766.92 in exemplary, damages. It is also apparently uncontroverted the Texas Court of Civil Appeals recently affirmed this judgment.

[2] HealthSouth has recently filed a motion seeking leave to file a second amended complaint asserting Horizon is a distinct corporate entity.

2

New Mexico law for (1) breach of contract, (2) breach of the duty of good faith and fair dealing and violations of the Unfair Claims Practices Act, NMSA 1978, § 59A-16-20 (1995 Repl. Pamp.).

Approximately one month later, on July 1, 1998, St. Paul filed an action in the United States District Court for the Northern District of Texas seeking "a declaration from this Court it has no duty to indemnify the Horizon Defendants for punitive damages ...." *St. Paul Fire & Marine Ins. Co. v. Horizon/CMS Healthcare Corp.*, Orig. Compl. ¶ 17, 4-98-CV-575Y (N.D. Tex.) ("*Hary*"). St. Paul also named Lexa Auld, administratrix of the Hary estate and plaintiff in the Texas state case, who had already recovered a substantial punitive damage verdict.[3]

On July 2, 1998, St. Paul removed Horizon's New Mexico action to this Court. HealthSouth then filed the present motion to dismiss on the ground that Ms. Auld is both an indispensable party and beyond the jurisdiction of this Court. While the Court agrees Ms. Auld is beyond the jurisdiction of this Court, it is not convinced she is indispensable to the resolution of this action.

---

[3] Auld has requested to be dismissed from St. Paul's Texas action since the appeal bond on her judgment against Horizon is now with Travelers Insurance Company, and HealthSouth has agreed to act as a further surety for Horizon. It therefore appears Horizon, Travelers, and HealthSouth would all have to default before Auld could sue St. Paul.

II. <u>Dismissal for Lack of Indispensable Parties</u>

St. Paul argues that "in the instant case the unjoined *Hary* judgment creditor would retain the right to sue St. Paul directly as an injured party even after the case is concluded." Mem. in Supp. at 5. Following this reasoning, "each of the twenty eight unnamed pending suits noted in Horizon's Complaint likely involves additional indispensable parties beyond the *Hary* judgment creditors." *Ibid* at 6.

Since these cases against Horizon, insured by St. Paul, are pending in at least five different states,[4] if St. Paul's position is correct there is no forum with jurisdiction to resolve the "global" dispute. Assuming this to be fact, this Court will take note that with at least two suits pending, New Mexico seems to be the forum of choice not only for HealthSouth-Horizon, but also for at least a representative number of the plaintiffs. Since there is no forum where complete relief between all potential parties is possible, then, the general rule that a court should not lightly set aside the plaintiff's choice of forum is persuasive. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180,

---

[4] At this point the parties cannot even agree as to how many suits are pending or in which jurisdictions. Horizon represents there are eight actions pending in New Mexico while St. Paul says it can only verify two.

185 (1952); *Stumpf v. Fidelity Gas Co.*, 294 F.2d 886, 891-92 (9th Cir. 1961); *Klockner Stadler Hurter Ltd. v. Insurance Co. of Penn.*, 785 F. Supp. 1130 (S.D.N.Y. 1990).[5]

Federal Rule of Civil Procedure 19 governs the joinder of persons needed for a just adjudication. Rule 19(b) provides the analytical structure for determining when joinder is feasible and requires consideration of four factors. Initially, the Court must consider to what extent a judgment rendered in the absence of the tort claimants who claim punitive damages will be prejudiced by a declaratory judgment in the present case. Such a judgment would, of course, not be *res judicata* as to the tort victims. *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 295 (10th Cir. 1975). Since this Court generally has no jurisdiction over those plaintiffs outside New Mexico, any judgment is likely to be but *stare decisis* as to such claimants and "[p]roperly understood, *stare decisis* will rarely pose a realistic threat to the absentee." 4 MOORE'S FEDERAL PRACTICE § 19.03[3][e] at 19-54 (3d ed.). Nothing in the case law suggests a declaratory judgment regarding the scope of insurance coverage should sufficiently prejudice a tort victim so as to require dismissal in their absence. *See Wright v. Albuquerque Auto-Truck Stop Plaza, Inc.*, 591 F.2d 585 (10th Cir. 1979); *State Farm Mut. Auto. Ins. v. Mid-Continent Cas. Co., supra. But see Ranger Ins. Co. v. United*

---

[5] St. Paul's argument that HealthSouth should forfeit its claim to the first-in-time filing because it now seeks to file an amended complaint on behalf of Horizon is unpersuasive.

*Housing of New Mexico, Inc.*, 488 F.2d 682, 684 (5th Cir. 1974) (holding victims might be prejudiced by *stare decisis*; criticized by MOORE'S as "overly eager" to find harm in *stare decisis*).

The second factor under Rule 19(b) is the extent to which relief may be shaped to lessen or avoid prejudice to the absent tort claimants. Declaratory judgment is particularly well suited to satisfying this prong of Rule 19(b) as it can be limited to merely declaring the rights of the parties actually before the Court. *Hudson v. Newell*, 172 F.2d 848 (5th Cir.), *void on other grounds*, 174 F.2d 546 (5th Cir. 1949); *Commercial State Band of Roseville v. Gidney*, 174 F. Supp. 770, 780-1 (D.D.C. 1959), *aff'd*, 278 F.2d 871 (D.C. Cir. 1960). Obviously, if the tort claimants are truly concerned that their rights might be prejudiced,[6] they have the opportunity to intervene in the present action. *Staten Island Rapid Transit Co. v. S.T.G. Constr. Co.*, 421 F.2d 53, 58 (2d Cir.), *cert. denied*, 398 U.S. 951 (1970); *In re Lloyd's Am. Trust Fund Litig.*, 954 F. Supp. 656, 677 (S.D.N.Y. 1997). St. Paul also argues it may be prejudiced by inconsistent verdicts. At present, however, the only real danger of that arises from the

---

[6] It seems highly unlikely that any punitive judgment would be uncollectible given the fact that Horizon is represented as having a net worth of nearly $300 million and HealthSouth a gross revenue of $3 billion in 1997. Moreover, the present Texas state appeal is secured by a $14 million bond by The Travelers Insurance Company.

fact that after it was served with the complaint in the New Mexico action, St. Paul initiated a second proceeding in the Texas federal court.

The third factor under Rule 19(b) is whether any judgment rendered in the absence of the tort claimants will be adequate. The issue in the instant case revolves around a simple question: do the insurance contracts issued by St. Paul cover punitive and exemplary damages. This question can surely be answered adequately without the participation of the tort claimants. The fact that others will or may make additional claims against one of the parties does not make such others indispensable under Rule 19. *See Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994); *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 122 (3d Cir. 1990); *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980). And this rule has frequently been applied to issues of insurance coverage. *See, e.g., Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1 (W.D. Okla. 1978); *Wilhide v. Keystone Ins. Co.*, 195 F. Supp. 659 (M.D. Pa. 1961); *Bituminous Ins. Cos. V. Pennsylvania Mfrs. Assoc. Ins. Co.*, 427 F. Supp. 539 (E.D. Pa. 1976).

Finally, the Court must consider whether the Plaintiff will have an adequate remedy if the action is dismissed. The answer to this question is clearly in the affirmative. St. Paul has filed a very similar declaratory judgment action in Texas. To

allow St. Paul to choose the forum by filing a subsequent suit, however, offends traditional notions of justice and fair play. *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir. 1982) ("declaratory judgment action cannot be used as a substitute for the rules of civil procedure in response to a pending lawsuit"). *See also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983).

## O R D E R

For the above stated reasons, St. Paul's motion to dismiss is **DENIED.**

Dated at Albuquerque this 6th day of April, 1999.

**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiff:

>Sandra L. Mallenbaum, John H. Kazanjian, Anderson Kill & Olick, New York, NY
>Ronald J. Segel, Sutin Thayer & Browne, Albuquerque, NM

Counsel for Defendants:

>Ann M. Conway, Lisa A. Joynes, Huffaker & Conway, Albuquerque, NM
>Michael W. Huddleston, Karen L. Keltz, McCauley MacDonald & Devin, Dallas, TX
>Walter J. Andrews, Frank Winston, C. Russell Clause, Wiley Rein & Fielding, Washington, DC